**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bryan L. Booker, | No. CV 10-1730-PHX-GMS (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, | |
| Respondent. | |

On August 12, 2010, Petitioner Bryan L. Booker, who is confined in the Arizona State Prison Complex-Yuma (ASPC-Yuma), filed a "Motion To Request The Court To Suspend Filing Time Frames" (Doc. 1). Petitioner's pleading is not accompanied by a petition for writ of habeas corpus.

The Court is not able to construe the pleading as a petition for writ of habeas corpus because the pleading is not accompanied by the statutory filing fee or an application to proceed *in forma pauperis*, is not filed on the court-approved form for filing a petition for writ of habeas corpus, does not specify any grounds for habeas corpus relief, does not set forth any facts supporting any grounds, and does not specify the habeas relief requested. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Also, Petitioner's pleading only provides limited information about Petitioner's conviction

1 and sentence.

In his Motion, Petitioner states that he has "just learned that if he files a habeas corpus petition containing both exhausted and unexhausted claims, the district court must dismiss the petition as 'mixed'" and that "[i]n order to prevent [him] from filing a mixed petition, Petitioner is revisiting the state court to give them a 'full and fair' opportunity to resolve his federal claims." Petitioner requests that this Court "grant this Motion and [] suspend his time frames for filing a habeas corpus petition."

Essentially, Petitioner appears to be seeking an advisory opinion from this Court regarding the application of the time limits imposed by 28 U.S.C. § 2244(d)(1), which provides in part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, a federal court may not issue advisory opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Accordingly, the Court lacks jurisdiction to entertain Petitioner's Motion and the Motion will therefore be denied without prejudice, and this matter will also be dismissed without prejudice.

Because this matter is being dismissed without prejudice, Petitioner is in no way prevented by this Order from filing a future petition for writ of habeas corpus in a new case in this Court. Also, Petitioner should note that in Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the Supreme Court held that a district court could stay a "mixed petition" in order for a petitioner to present his unexhausted claims to the state court, after which he could return to federal court to prosecute his petition. However, such a stay is only appropriate when (1) the petitioner has good cause for failing to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id.

**IT IS ORDERED:**

(1) Petitioner's a "Motion To Request The Court To Suspend Filing Time Frames" (Doc. 1) is **denied without prejudice**.

(2) This matter is **dismissed without prejudice for lack of jurisdiction** and the Clerk of Court **must enter** judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

DATED this 31st day of August, 2010.

G. Murray Snow
United States District Judge